JUDGE BAER



'09 CIV 7465

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
New York, NY 10004,

                Plaintiffs,

v.

DEPARTMENT OF HOMELAND SECURITY
Washington, DC 20528

                Defendant.

No. _____

## COMPLAINT FOR INJUNCTIVE RELIEF

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of agency records requested by plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively "ACLU") from defendant Department of Homeland Security ("DHS") and its components.

### Jurisdiction and Venue

2.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3.  Plaintiff American Civil Liberties Union is a nationwide, non-profit, non-partisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality.

4.  Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

5.  Defendant DHS is a Cabinet department of the Executive Branch of the United States government. DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1). Customs and Border Protection ("CBP"), the Office of Policy, and the Office of the General Counsel are components within defendant DHS.

## Customs and Border Protection's Suspicionless Search Policy

6.  In July 2008, CBP published its policy for searching travelers' laptops at the international border. U.S. Customs and Border Protection, *Policy Regarding Border Search of Information*, July 16, 2008, *available at* http://www.cbp.gov/linkhandler/cgov/travel/admissibility/search_authority.ctt/search_aut hority.pdf. CBP asserts that it is free to read the information on travelers' laptops "absent individualized suspicion." *Id.* It applies its suspicionless search policy not only to laptops, but also to all "documents, books, pamphlets, and other printed material, as well as computers, disks, hard drives, and other electronic or digital storage devices." The policy covers all persons, whether or not they are U.S. citizens, crossing the "border, functional equivalent of the border, or extended border." *Id.*

7.   A bill has been introduced in Congress to require CBP to base its searches of laptops and other digital storage devices on reasonable suspicion. Securing our Borders and our Data Act of 2009, H.R. 239, 111th Cong. § 2 (2009). Senator Russell Feingold condemned the policy as "truly alarming." Ellen Nakashima, *Travelers' Laptops May Be Detained at Border*, Wash. Post, Aug. 1, 2008.

8.   The ACLU believes that suspicionless searches of laptops violate the First and Fourth Amendments. The ACLU intends to participate in ongoing debates over the pending Congressional legislation.

**Plaintiffs' FOIA Request And Request For Waiver And Limitation Of Fees**

9.   On June 10, 2009 the ACLU submitted a FOIA request ("Request") to DHS and DHS component CBP. The ACLU requested the release of records relating to CBP's Policy Regarding Border Search Of Information. The ACLU stated that the records it sought included the following items:

1.   All records regarding CBP's authority to search, review, retain, and disseminate information possessed by individuals who are encountered by CBP at the border, functional equivalent of the border, or extended border. This should include, but not be limited to:

   (a) Records reflecting revisions of, or documents superseding, the "Policy Regarding Border Search of Information" released to the public on July 16, 2008.

   (b) Policies, practices, and procedures regarding criteria for selecting individual travelers whose information will be searched, reviewed, retained, or disseminated to other components of DHS, other government agencies, or persons or entities outside the government.

   (c) Policies, practices, and procedures regarding the search, review, retention and dissemination of business information;

   (d) Policies, practices, and procedures regarding information that may be legally privileged;

2. Records regarding the retention of documents or electronic devices by CBP, including the number of documents or electronic devices retained, the length of retention, the reasons for retention, and the ultimate disposition of retained material.

3. Records regarding the dissemination of documents or electronic devices to other components of DHS, other agencies within the government, state or local government agencies, and private contractors outside the government.

4. Policies, practices, and procedures whereby CBP audits and reviews compliance with its policies governing border searches of information contained in documents and electronic devices, and documents generated in the course of, or as the result of, any audits and reviews.

5. Records regarding complaints filed by individuals or organizations affected by CBP's policies or practices related to the search, review, retention, or dissemination of travelers' information.

6. Statistics reflecting the number of travelers subject to suspicionless searches of their information at the border, both in absolute terms and as a proportion of the total number of travelers subject to CBP's jurisdiction.

7. Statistics reflecting the race, ethnicity, country of origin, citizenship, and gender of individuals subjected to suspicionless searches of their information at the border.

10. The ACLU sought a waiver and limitation of processing fees. It sought a waiver because disclosure of the records is "likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. 5.11(k)(1)(i)-(ii). It sought a limitation of fees because it is a "representative of the news media" as that term is defined by FOIA. 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 6 C.F.R. § 5.11(d)(1) ("No search fee will be charged for requests by . . . representatives of the news media.").

4

## DHS's Responses to ACLU's Request And Failure To Timely Comply With The ACLU's FOIA Request

11.     By email dated June 17, 2009, DHS acknowledged receipt of the ACLU's FOIA request and inquired whether there were any other DHS components the ACLU wanted DHS to search in addition to CBP. DHS also asked whether, with regard to item three of the Request, the ACLU was seeking records regarding the dissemination of documents or electronic devices from CBP to other components.

12.     By email dated June 23, 2009, the ACLU asked DHS to search the Office of Policy and the Office of the General Counsel in addition to CBP. With regard to item three, the ACLU clarified that the "ACLU is seeking records regarding the dissemination of documents or electronic devices from CBP to other components of DHS, other agencies in the government, and entities or individuals outside the government."

13.     By letter dated June 30, 2009, DHS acknowledged receipt of the Request and invoked a ten-day extension of time in which to process it. DHS also indicated that it would hold the ACLU's request for a fee waiver in abeyance pending the quantification of responsive records.

14.     By letter dated June 30, 2009, CBP acknowledged receipt of the Request and denied the ACLU a waiver of fees.

15.     By letter dated July 6, 2009, DHS clarified that CBP's June 30 letter was sent due to an administrative error. DHS advised the ACLU that it would be coordinating the responses of all relevant components and would issue a consolidated response to the Request, including the request for a fee waiver. DHS stated that it had not yet reached a final decision regarding the fee waiver.

16. To date, none of the DHS components subject to the Request have completed the processing of the ACLU's FOIA request or informed the ACLU of an anticipated date for the completion of the processing of the ACLU's FOIA request.

17. Notwithstanding DHS's invocation of a ten-day extension, all of the DHS components to whom the Request was directed have violated the applicable statutory time limit for processing the FOIA request.

18. The ACLU has exhausted the applicable administrative remedies.

19. DHS and its components have wrongfully withheld the requested records from the ACLU.

**Cause of Action: Violation of Agency Obligations Under 5 U.S.C. § 552 (FOIA)**

20. DHS has wrongfully withheld agency records requested by the ACLU by failing to comply with the statutory time limit for the processing of FOIA requests. 5 U.S.C. § 552(a)(6)(A)(i).

21. DHS and its components' failure to grant the ACLU a limitation of fees violates FOIA. 5 U.S.C. § 552(a)(4)(A)(ii)(II).

22. DHS and its components' failure to grant the ACLU's request for a waiver of fees violates FOIA. 5 U.S.C. § 552(a) (4)(A)(iii).

**Requested Relief**

WHEREFORE, the ACLU respectfully requests that this Court:

A. Order DHS and its components to process immediately all records responsive to the Request;

B. Order DHS and its components to disclose the requested records in their entirety and make copies available to the ACLU;

C. Enjoin DHS and its components from charging the ACLU search, review, or duplication fees for the processing of the Request;

D. Award the ACLU its costs and reasonable attorneys' fees incurred in this action; and

E. Grant such other relief as the Court may deem just and proper.

Dated: August 26, 2009

Respectfully submitted,

_____
Jameel Jaffer (JJ-4653)
Catherine Crump*
Laurence M. Schwartztol (LS-1978)
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2600
ccrump@aclu.org
lschwartztol@aclu.org
jjaffer@aclu.org

*Counsel for Plaintiffs*

* Motion For Admission To The Southern District Of New York Bar Pending