PREET BHARARA
United States Attorney for the
Southern District of New York
By: MARA E. TRAGER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2799
Facsimile: (212) 627-2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                     :

AMERICAN CIVIL LIBERTIES UNION       :
and AMERICAN CIVIL LIBERTIES UNION  :
FOUNDATION,                                :

                   Plaintiffs,        :      09 Civ. 7465 (HB)
                                     :

    – against –                   :
                                     :      <u>ANSWER</u>

DEPARTMENT OF HOMELAND SECURITY,  :
                                   :
                 Defendant.      :
------------------------------------------------------------ x

       Defendant, the Department of Homeland Security ("DHS" or "defendant"), by its

attorney, Preet Bharara, United States Attorney for the Southern District of New York, answers

plaintiffs' Complaint for Injunctive Relief (the "complaint") on information and belief as

follows:

1.      Neither admits nor denies the allegations contained in paragraph 1 of the complaint, as

       they constitute plaintiffs' characterization of this action to which no response is required.

       To the extent a response is required, DHS denies the allegations in this paragraph, except

       admits that plaintiffs requested the processing and release of agency records from DHS.

2.      Neither admits nor denies the allegations contained in paragraph 2 of the complaint, as

       they consist of legal conclusions, to which no response is required.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5.      Admits the allegations contained in paragraph 5 of the complaint.

6.      The allegations contained in paragraph 6 constitute plaintiffs' characterization of the provisions of a publicly-available policy document, to which no response is required, except DHS admits that the United States Customs and Border Protection ("CBP") published a policy in July 2008 regarding the border search of, among other things, laptops and respectfully refers the Court to that document for a complete and accurate statement of its content.

7.      Neither admits nor denies the allegations contained in paragraph 7 of the complaint as they constitute plaintiffs' characterization of the provisions of publicly available documents, to which no response is required, and respectfully refers the Court to these documents for a complete and accurate statement of their contents.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9.      The allegations in paragraph 9 of the complaint characterize plaintiffs' request to DHS, to which no response is required, except DHS admits that plaintiffs submitted a request under the Freedom of Information Act ("FOIA") to DHS and CBP by letter dated June 10, 2009 (the "June 10, 2009 FOIA request") and respectfully refers the Court to the June 10, 2009 FOIA request for a complete and accurate statement of its contents.

10.     Denies the allegations contained in paragraph 10 of the complaint, except DHS admits that plaintiffs sought a waiver and limitation of processing fees in their June 10, 2009

FOIA request, and that it referenced the statutory and regulatory provisions cited in paragraph 10 of the complaint, but denies knowledge or information sufficient to form a belief as to why plaintiffs sought a waiver and the limitation of processing fees.

11. Denies the allegations contained in paragraph 11 of the complaint, except DHS admits that, an employee in DHS's Privacy Office sent an email message to counsel for plaintiffs on June 17, 2009 and respectfully refers the Court to that email message for a complete and accurate statement of its content.

12. Denies the allegations contained in paragraph 12 of the complaint, except DHS admits that counsel for plaintiffs sent an email message to an employee in DHS's Privacy Office on June 23, 2009 , and respectfully refers the Court to that email message for a complete and accurate statement of its content.

13. Denies the allegations contained in paragraph 13 of the complaint, except DHS admits that an employee in DHS's Privacy Office sent a letter dated June 30, 2009 to counsel for plaintiffs, and respectfully refers the Court to that letter for a complete and accurate statement of its content.

14. Denies the allegations contained in paragraph 14 of the complaint, except DHS admits that an employee in CBP sent a letter dated June 30, 2009 to counsel for plaintiffs, and respectfully refers the Court to that letter for a complete and accurate statement of its content.

15. Denies the allegations contained in paragraph 15 of the complaint, except DHS admits that an employee in DHS's Privacy Office sent a letter dated July 6, 2009 to counsel for plaintiffs, and respectfully refers the Court to that letter for a complete and accurate statement of its content.

16. Denies the allegations contained in paragraph 16 of the complaint, except DHS admits

that it has not notified plaintiffs of an anticipated date for the completion of the processing of their June 10, 2009 FOIA request.

17.   Neither admits nor denies the allegations contained in paragraph 17 of the complaint, as they constitute conclusions of law to which no response is required.  To the extent a response is required, DHS denies the allegations in this paragraph.

18.   Neither admits nor denies the allegations contained in paragraph 18 of the complaint, as they constitute conclusions of law to which no response is required.  To the extent a response is required, DHS denies the allegations in this paragraph.

19.   Denies the allegations contained in paragraph 19 of the complaint.

20.   Neither admits nor denies the allegations contained in paragraph 20 of the complaint, as they constitute conclusions of law to which no response is required.  To the extent a response is required, DHS denies the allegations in this paragraph.

21.   Neither admits nor denies the allegations contained in paragraph 21 of the complaint, as they constitute conclusions of law to which no response is required.  To the extent a response is required, DHS denies the allegations in this paragraph.

22.   Neither admits nor denies the allegations contained in paragraph 22 of the complaint, as they constitute conclusions of law to which no response is required.  To the extent a response is required, DHS denies the allegations in this paragraph.

23.   Neither admits nor denies the allegations in the unnumbered paragraph of the complaint under the title "Requested Relief" as they constitute conclusions of law and/or plaintiffs' characterization of the relief they seek in this action, to which no response is required. To the extent a response is required, DHS denies that plaintiffs are entitled to this relief.

4

DEFENSES

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The Court lacks subject matter over plaintiffs' requests for relief that exceeds the relief

authorized under FOIA, 5 U.S.C. § 552.

THIRD DEFENSE

Defendant properly withheld the requested documents. 5 U.S.C. § 552(b).


WHEREFORE, defendant demands judgment dismissing the complaint and granting

such other and further relief as this Court deems proper, including costs and disbursements.


Dated: New York, New York
        September 25, 2009


                            PREET BHARARA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for Defendant


                            _____/s/_____
        By:    MARA E. TRAGER
                            Assistant United States Attorney
                            86 Chambers Street
                            New York, New York 10007
                            Tel.: (212) 637-2799
                            Fax:  (212) 637-2702
                            mara.trager@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

      I, Mara E. Trager, an Assistant United States Attorney for the Southern District of New York, hereby certify that on September 25, 2009, I caused a copy of the foregoing Answer to be served upon the following by regular mail, delivery charges pre-paid:

      Jameel Jaffer
      Catherine Crump
      Laurence M. Schwartztol
      American Civil Liberties Union
      125 Broad Street, 18th Floor
      New York, NY 10004

Dated:      September 25, 2009
          New York, New York


            ____/s/_____
            MARA E. TRAGER